# UNITED STATES COURT OF APPEALS for the NINTH CIRCUIT

## Office of the Clerk

## After Opening a Case – Counseled Cases
*(revised January 2015)*

**Court Address – San Francisco Headquarters**

| *Mailing Address for U.S. Postal Service* | *Mailing Address for Overnight Delivery (FedEx, UPS, etc.)* | *Street Address* |
| --- | --- | --- |
| Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>P.O. Box 193939<br>San Francisco, CA 94119-3939 | Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA 94103-1526 | 95 Seventh Street<br>San Francisco, CA 94103 |

**Court Addresses – Divisional Courthouses**

| *Pasadena* | *Portland* | *Seattle* |
| --- | --- | --- |
| Richard H. Chambers Courthouse<br>125 South Grand Avenue<br>Pasadena, CA 91105 | The Pioneer Courthouse<br>700 SW 6th Ave, Ste 110<br>Portland, OR 97204 | William K. Nakamura Courthouse<br>1010 Fifth Avenue<br>Seattle, WA 98104 |

**Court Website** – www.ca9.uscourts.gov

The Court's website contains the Court's Rules and General Orders, information about electronic filing of documents, answers to frequently asked questions, directions to the courthouses, forms necessary to gain admission to the bar of the Court, opinions and memoranda, recordings of oral arguments, links to practice manuals, and an invitation to join our Pro Bono Program.

**Court Phone List**

**Main Phone Number**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **(415) 355-8000**

Attorney Admissions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-7800

Calendar Unit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-8190

CJA Matters (Operations Unit) . . . . . . . . . . . . . . . . . . . . . . (415) 355-7920

Docketing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-7840

Death Penalty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-8197

Electronic Filing – CM/ECF. . . . . . . . . . . . . . . . . . . . . . .  Submit form at
http://www.ca9.uscourts.gov/cmecf/feedback

Library. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-8650

Mediation Unit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-7900

Motions Attorney Unit. . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-8020

Procedural Motions Unit. . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-7860

Records Unit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (415) 355-7820

Divisional Court Offices:
   Pasadena. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (626) 229-7250
   Portland. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (503) 833-5300
   Seattle. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (206) 224-2200

**Electronic Filing - CM/ECF**

The Ninth Circuit's CM/ECF (Case Management/Electronic Case Files) system is mandatory for all attorneys filing in the Court, unless they are granted an exemption. All non-exempted attorneys who appear in an ongoing case are required to register for and to use CM/ECF. Registration and information about CM/ECF is available on the Court's website at www.ca9.uscourts.gov under *Electronic Filing–CM/ECF.* Read the Circuit Rules, especially Ninth Circuit Rule 25-5, for guidance on CM/ECF, including which documents can and cannot be filed electronically.

**Rules of Practice**

The Federal Rules of Appellate Procedure (Fed. R. App. P.), the Ninth Circuit Rules (9th Cir. R.) and the General Orders govern practice before this Court. The rules are available on the Court's website at www.ca9.uscourts.gov under *Rules*.

**Practice Resources**

The Appellate Lawyer Representatives' Guide to Practice in the United States Court of Appeals for the Ninth Circuit is available on the Court's website www.ca9.uscourts.gov at *Guides and Legal Outlines > Appellate Practice Guide*. The Court provides other resources in *Guides and Legal Outlines*.

**Admission to the Bar of the Ninth Circuit**

All attorneys practicing before the Court must be admitted to the Bar of the Ninth Circuit. Fed. R. App. P. 46(a); 9th Cir. R. 46-1.1 & 46-1.2.

For instructions on how to apply for bar admission, go to www.ca9.uscourts.gov and click on the *Attorneys* tab > *Attorney Admissions > Instructions*.

**Notice of Change of Address**

Counsel who are registered for CM/ECF must update their personal information, including street addresses and email addresses, online at: https://pacer.psc.uscourts.gov/pscof/login.jsf  9th Cir. R. 46-3.

Counsel who have been granted an exemption from using CM/ECF must file a written change of address with the Court. 9th Cir. R. 46-3.

**Motions Practice**

Following are some of the basic points of motion practice, governed by Fed. R. App. P. 27 and 9th Cir. R. 27-1 through 27-14.

- Neither a notice of motion nor a proposed order is required. Fed. R. App. P. 27(a)(2)(C)(ii), (iii).
- Motions may be supported by an affidavit or declaration. 28 U.S.C. § 1746.

- Each motion should provide the position of the opposing party. Circuit Advisory Committee Note to Rule 27-1(5); 9th Cir. R. 31-2.2(b)(6).
- A response to a motion is due 10 days from the service of the motion. Fed. R. App. P. 27(a)(3)(A). The reply is due 7 days from service of the response. Fed. R. App. P. 27(a)(4); Fed. R. App. P. 26(c).
- A response requesting affirmative relief must include that request in the caption. Fed. R. App. P. 27(a)(3)(B).
- A motion filed after a case has been scheduled for oral argument, has been argued, is under submission or has been decided by a panel, must include on the initial page and/or cover the date of argument, submission or decision and, if known, the names of the judges on the panel. 9th Cir. R. 25-4.

**Emergency or Urgent Motions**

All emergency and urgent motions must conform with the provisions of 9th Cir. R. 27-3. Note that a motion requesting procedural relief (e.g., an extension of time to file a brief) is *not* the type of matter contemplated by 9th Cir. R. 27-3. Circuit Advisory Committee Note to 27-3(3).

Prior to filing an emergency motion, the moving party *must* contact an attorney in the Motions Unit in San Francisco at (415) 355-8020.

When it is absolutely necessary to notify the Court of an emergency outside of standard office hours, the moving party shall call (415) 355-8000. Keep in mind that this line is for true emergencies that cannot wait until the next business day (e.g., an imminent execution or removal from the United States).

**Briefing Schedule**

The Court issues the briefing schedule at the time the appeal is docketed.

Certain motions (e.g., a motion for dismissal) automatically stay the briefing schedule. 9th Cir. R. 27-11.

The opening and answering brief due dates are not subject to the additional time described in Fed. R. App. P. 26(c). 9th Cir. R. 31-2.1. The early filing of appellant's opening brief does not advance the due date for appellee's answering brief. *Id*.

**Extensions of Time to File a Brief**

*Streamlined Request*
Subject to the conditions described at 9th Cir. R. 31-2.2(a), you may request one streamlined extension of up to 30 days from the brief's existing due date. Submit your request via CM/ECF using the "File Streamlined Request to Extend Time to File Brief" event on or before your brief's existing due date. No form or written motion is required.

*Written Extension*
Requests for extensions of more than 30 days will be granted only upon a written motion supported by a showing of diligence and substantial need. This motion shall be filed at least 7 days before the due date for the brief. The motion shall be accompanied by an affidavit or declaration that includes all of the information listed at 9th Cir. R. 31-2.2(b).

The Court will ordinarily adjust the schedule in response to an initial motion. Circuit Advisory Committee Note to Rule 31-2.2. The Court expects that the brief will be filed within the requested period of time. *Id.*

**Contents of Briefs**

The required components of a brief are set out at Fed. R. App. P. 28 and 32, and 9th Cir. R. 28-2, 32-1 and 32-2.

**Excerpts of Record**

The Court requires Excerpts of Record rather than an Appendix. 9th Cir. R. 30-1.1(a). Please review 9th Cir. R. 30-1.3 through 30-1.6 to see a list of the specific contents and format. For Excerpts that exceed 75 pages, the first volume must comply with 9th Cir. R. 30-1.6(a). Excerpts exceeding 300 pages must be filed in multiple volumes. 9th Cir. R. 30-1.6(a).

Appellee may file supplemental Excerpts and appellant may file further Excerpts. 9th Cir. R. 30-1.7 and 30-1.8. If you are an appellee responding to a pro se brief that did not come with Excerpts, then your Excerpts need only include the contents set out at 9th Cir. R. 30-1.7.

Excerpts must be submitted in PDF format on CM/ECF on the same day the filer submits the brief, unless the Excerpts contain sealed materials. If the Excerpts contain sealed materials, please electronically submit only the unsealed volumes. The filer shall serve a paper copy of the Excerpts on any party not registered for CM/ECF.

After electronic submission, the Court will direct the filer to file 4 separately-bound excerpts of record with <u>white</u> covers in paper copy.

**Mediation Program**

Mediation Questionnaires are required in all civil cases except cases in which the appellant is proceeding pro se, habeas cases (28 U.S.C. §§ 2241, 2254 and 2255) and petitions for writs (28 U.S.C. § 1651). 9th Cir. R. 3-4.

The Mediation Questionnaire is available on the Court's website at www.ca9.uscourts.gov under *Forms*. The Mediation Questionnaire should be filed within 7 days of the docketing of a civil appeal. The Mediation Questionnaire is used only to assess settlement potential.

If you are interested in requesting a conference with a mediator, you may call the Mediation Unit at (415) 355-7900, email ca09_mediation@ca9.uscourts.gov or make a written request to the Chief Circuit Mediator. You may request conferences confidentially. More information about the Court's mediation program is available at http://www.ca9.uscourts.gov/mediation.

**Oral Hearings**

Notices of the oral hearing calendars are distributed approximately 10 weeks before the hearing date.

The Court will change the date or location of an oral hearing only for good cause, and requests to continue a hearing filed within 14 days of the hearing will be granted only upon a showing of exceptional circumstances. 9th Cir. R. 34-2.

Oral hearing will be conducted in all cases unless all members of the panel agree that the decisional process would not be significantly aided by oral argument. Fed. R. App. P. 34(a)(2).

# Ninth Circuit Appellate Lawyer Representatives
# APPELLATE MENTORING PROGRAM

1.      Purpose

The Appellate Mentoring Program is intended to provide mentoring on a voluntary basis to attorneys who are new to federal appellate practice or would benefit from guidance at the appellate level.  In addition to general assistance regarding federal appellate practice, the project will provide special focus on two substantive areas of practice - immigration law and habeas corpus petitions.  Mentors will be volunteers who have experience in immigration, habeas corpus, and/or appellate practice in general.  The project is limited to counseled cases.

2.      Coordination, recruitment of volunteer attorneys, disseminating information about the program, and requests for mentoring

Current or former Appellate Lawyer Representatives (ALRs) will serve as coordinators for the Appellate Mentoring Program.  The coordinators will recruit volunteer attorneys with appellate expertise, particularly in the project's areas of focus, and will maintain a list of those volunteers.  The coordinators will ask the volunteer attorneys to describe their particular strengths in terms of mentoring experience, substantive expertise, and appellate experience, and will maintain a record of this information as well.

The Court will include information about the Appellate Mentoring Program in the case opening materials sent to counsel and will post information about it on the Court's website.  Where appropriate in specific cases, the Court may also suggest that counsel seek mentoring on a voluntary basis.

Counsel who desire mentoring should contact the court at mentoring@ca9.uscourts.gov, and staff will notify the program coordinators. The coordinators will match the counsel seeking mentoring with a mentor, taking into account the mentor's particular strengths.

3.      The mentoring process

The extent of the mentor's guidance may vary depending on the nature of the case, the mentee's needs, and the mentor's availability.  In general, the mentee should initiate contact with the mentor, and the mentee and mentor should determine

together how best to proceed. For example, the areas of guidance may range from basic questions about the mechanics of perfecting an appeal to more sophisticated matters such as effective research, how to access available resources, identification of issues, strategy, appellate motion practice, and feedback on writing.

4.  Responsibility/liability statement

The mentee is solely responsible for handling the appeal and any other aspects of the client's case, including all decisions on whether to present an issue, how to present it in briefing and at oral argument, and how to counsel the client. By participating in the program, the mentee agrees that the mentor shall not be liable for any suggestions made. In all events, the mentee is deemed to waive and is estopped from asserting any claim for legal malpractice against the mentor.

The mentor's role is to provide guidance and feedback to the mentee. The mentor will not enter an appearance in the case and is not responsible for handling the case, including determining which issues to raise and how to present them and ensuring that the client is notified of proceedings in the case and receives appropriate counsel. The mentor accepts no professional liability for any advice given.

5.  Confidentiality statement

The mentee alone will have contact with the client, and the mentee must maintain client confidences, as appropriate, with respect to non-public information.